GEORGE L. VLASSIS V. STATE

No. 28,068. February 15, 1956.

George G. *Walker*, Van Horn, for appellant.

*H. D. Glover,* County Attorney, Pecos, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the unlawful practice of medicine; the punishment, 30 days in jail and a fine of $500.00.

One Socorra Renteria testified that sometime prior to the date charged in the information she had carried her child to the appellant for treatment and that he had cured the child. She stated that thereafter she found that she was expecting another child, that she made several visits to the appellant, and that he gave her a "shot" each time, and that she thereafter had a miscarriage. She testified that she was charged $3.00 for each visit to the appellant.

It was established that the appellant had not registered a license to practice medicine with the district clerk of the county as required by law.

The state was permitted to prove, over the objection of the appellant, that the appellant had treated two other residents of Reeves County for pay shortly before the day charged in the indictment. Each of these witnesses referred to the appellant as a doctor.

The appellant did not testify or offer any evidence in his own behalf.

Appellant in his brief questions the sufficiency of the information as a pleading. The claimed defects are not such as would in the absence of an exception or motion to quash vitiate

it. A motion to quash is contained in the transcript but does not show that it was ever presented to the trial court or that he acted on such motion.

By Bill of Exception No. 1 appellant complains of the proof that the appellant treated others for pay as well as the person charged in the information.

Recently in De Hay v. State, 158 Tex. Cr. Rep. 262, 254 S. W. 2d 514, we said:

"There was evidence that appellant had treated another woman for a disease and disorder, and had held himself out to others as a practitioner of medicine."

We have concluded that proof that the accused had treated others was admissible on the issue of whether or not he was engaged in the practice of medicine.

Finding no reversible error, the judgment of the trial court is affirmed.